IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS NESBITT, | ) | |
| | ) | 4:72cv12 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CHARLES WOLFF, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 191, the Judgment by the Eighth Circuit Court of Appeals dismissing the appeal of the above-entitled case on the motion of the plaintiff-appellant, Thomas Nesbitt, and assessing the $255 appellate filing and docketing fees against Mr. Nesbitt. Because Mr. Nesbitt is a prisoner subject to the Prison Litigation Reform Act, the Eighth Circuit's Judgment states in pertinent part: "The full $255.00 appellate filing and docketing fees are assessed against the appellant. The court remands the collection of those fees to the district court."

When, as in this case, the record contains no current trust account information for the plaintiff, the Eighth Circuit has instructed this court to assess an initial partial filing fee in a reasonable amount based on information available to the court. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997): "[F]ailure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances."

The only information available to the court consists of the trust account statement (filing no. 163) filed with the court on April 2, 2004. At that time, an initial partial filing fee

1

calculated on the basis of filing no.163 would have approximated slightly more than $10.00. Therefore, the court will require an initial partial appellate filing fee of $10.00, with the remainder of the fees to be collected in the manner specified by 28 U.S.C. § 1915(b)(2).

THEREFORE, IT IS ORDERED:

1. That the Eighth Circuit Court of Appeals has adjudged the plaintiff-appellant, Thomas Nesbitt, liable for the full $255.00 appellate filing and docketing fees;

2. That, because the plaintiff is a prisoner, the fees may not be waived but may be paid in installments pursuant to 28 U.S.C. § 1915(b);

3. That the plaintiff's custodian shall collect from the plaintiff's inmate trust account an initial partial filing fee of $10.00, and shall remit that amount to the Clerk of Court by thirty (30) days from the date of this Memorandum and Order, subject to availability of funds;

4. That, thereafter, all present and future custodians of the plaintiff shall collect and remit the balance of the $255.00 appellate filing fees in the manner required by 28 U.S.C. § 1915(b)(2); and

5. That the Clerk of the Court shall send a copy of this Memorandum and Order to the appropriate financial officer for the plaintiff's institution.

DATED this 16th day of May, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge